**1620 BROADWAY CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.**

Docket No. 78836.   Promulgated June 16, 1937.

T. *Newman Lawler*, Esq., for the petitioner.
B. M. *Coon*, Esq., for the respondent.

OPINION.

HARRON: Petitioner claims its deduction from gross income under the provisions of section 23 (a) and (k) of the Revenue Act of 1932, which provides as follows:

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *

*        *        *        *        *        *        *

(k) DEPRECIATION.—A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence.

The determination of the respondent is based on article 130 of Regulations 77, promulgated under the Revenue Act of 1932, which is quoted in the margin.[1]

The only question here is the amount of the deduction to be allowed the petitioner for depreciation of the building erected and installations at its own expense on leased premises. The petitioner maintains the right to exhaust its cost of the building and improvements over the term of the lease of 20 years without regard to the life of the building and improvements or the privilege of renewal. The respondent contends that the depreciation deductions should be spread over the useful life of the property, which he estimates as 24⅙ years from the beginning of 1932. The petitioner does not contest this estimate.

We have before us the year 1932. At that time the lease in question had not been renewed by the petitioner and there is no evidence in the record to show that there was any certainty then that it would be renewed. There is evidence in the record to show that the petitioner elected to renew the lease in 1936 but we feel constrained to decide the issue on the facts existing at the end of the taxable period,

---

[1] The cost borne by a lessee in erecting buildings or making permanent improvements on ground of which he is a lessee is held to be a capital investment and not deductible as a business expense. In order to return to such taxpayer his investment of capital, an annual deduction may be made from gross income of an amount equal to the total cost of such improvements divided by the number of years remaining of the term of lease, and such deduction shall be in lieu of a deduction for depreciation. If the remainder of the term of lease is greater than the probable life of the buildings erected, or of the improvements made, this deduction shall take the form of an allowance for depreciation.

[The above provision has been contained in the Treasury regulations from 1921 to date: Regulations 62, art. 109; Regulations 65 and 69, art. 110; Regulations 74 and 75, art. 130; Regulations 86 and 94, art. 23 (a)–10.]

i. e., the fact that then neither the petitioner nor its sublessee, the operating company, had determined to exercise their respective options of renewal and there are no facts as of that time showing any reasonably certain probabilities that there would be renewals. There is the added fact that at the end of the 20-year term, November 1, 1937, title to the building and improvements vests in the lessor. The petitioner relies on *Varick Charlton Corporation* v. *Bowers*, 73 Fed. (2d) 1020, a per curiam decision affirming judgment for the plaintiff given by a lower court on the authority of *Bonwit Teller & Co.* v. *Commissioner*, 53 Fed. (2d) 381. The facts in the *Varick Charlton Corporation* case are very similar to the facts here. The respondent relies upon *Commissioner* v. *Pittsburgh Union Stock Yards Co.*, 46 Fed. (2d) 646. In that case the taxable years were 1919 to 1925, inclusive. The facts showed that prior to March 1, 1913, the lessee had been given assurance that the lease would be renewed and that less than a year from March 1, 1913, the lease was renewed and occupation was continuous. Upon the facts existing in 1932 in this case, it is distinguishable from the case of *Pittsburgh Union Stock Yards Co.*, for the petitioner had not renewed his lease in 1932.

This issue has been before this Board and the courts previously and the petitioner relies upon the court decisions in *Bonwit Teller & Co.* v. *Commissioner*, 53 Fed. (2d) 381; certiorari denied, 284 U. S. 690, followed by three decisions, *Millinery Center Building Corporation* v. *Commissioner*, 73 Fed. (2d) 1007; *Poly Holding Corporation* v. *Commissioner*, decided by the Circuit Court of Appeals for the Second Circuit, February 27, 1935, no opinion, reversing 30 B. T. A. 911; and *Varick Holding Corporation* v. *Bowers*, *supra*, no opinion.

The facts in this proceeding are substantially the same as those in *Poly Holding Corporation*, 30 B. T. A. 911, reversed by the Circuit Court of Appeals for the Second Circuit, *supra*. There is the additional fact in this proceeding that the title to the building and improvements vests in the lessor on November 1, 1937. This fact was present in the facts in the case of *Varick Charlton Corporation*, *supra*. The decisions of the Circuit Court of Appeals for the Second Circuit relied on by the petitioner are in point. The only fact in the instant case which would seem to justify distinguishing it from the cases relied upon by the petitioner is that we are on notice that just prior to the hearing of this proceeding, in October 1936, the petitioner exercised its option to renew the lease. However, as stated above, we feel constrained to arrive at a decision on the situation existing at the end of 1932, with respect to possible renewal of the lease in question. Further, Regulations 77, article 130, quoted above, recognizes that improvements made by a lessee at his own expense on

leased property represent investment of capital and that annual deductions are in lieu of a deduction for depreciation and are allowed over the term of a lease in such way as to return to the taxpayer his investment of capital. It appears to be consistent with the Commissioner's regulation that where title to improvements vests in the lessor at the expiration of a lease, the taxpayer should be allowed annual deductions over the term of that lease rather than over the estimated useful life of the property. Upon the authority of *Bonwit Teller & Co.* v. *Commissioner, supra,* and the subsequent court decisions, the petitioner is sustained in its assignment of error and the Commissioner's disallowance of the claimed deduction is reversed.

Since the entire deficiency is due to disallowance of the claimed deduction,

*Decision will be entered for the petitioner.*